# Exhibit A

Exhibit A

Kenneth C. Yeager, Esq., State Bar #128985
**LAW OFFICES OF DROCIAK & YEAGER**
7627 S. Western Ave.
Los Angeles, Ca. 90047
Telephone: (323) 971-3981
Facsimile: (323) 753-4910
kcyeagerlaw@yahoo.com

Attorney for Plaintiff, Shannon Murphy:

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES- CENTRAL

| | |
|---|---|
| SHANNON MURPHY<br><br>Plaintiff<br><br>v.<br><br>AMERICAN AIRLINES,<br>A foreign corporation, and DOES 1-10<br>Defendants | CASE NO. 20STCV23098<br><br>PLAINTIFF'S COMPLAINT<br><br>COUNT I, VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER U.S.C., SEC. 40127(a)<br>COUNT II, VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER CALIFORNIA STATE LAW<br>COUNT III, FALSE IMPRISONMENT<br>COUNT IV, NEGLIGENCE<br><br>Demand for a Jury Trial |

Now Comes Plaintiff, Shannon Murphy and files her Complaint against Defendants, American Airlines, and DOES 1-10 as follows:

1. Plaintiff, Shannon Murphy, at all times relevant to this complaint was and is a resident of the County of Riverside, State of California.

2. Plaintiff is informed and believe, and based thereon allege, that at all times relevant to this complaint Defendant, American Airlines is a foreign corporation doing business in the County of Los Angeles, State of California with business offices in the County of Los Angeles, State of California.

Ex. A

2

3. Plaintiff does not know the true names or capacities of the defendants sued as DOES 1-10, inclusive. Thus plaintiff sues these defendants under fictitious names. When their true names and capacities have been ascertained, plaintiff will amend this Complaint. Plaintiff is informed and believe, and based thereon allege, that the fictitiously named defendants were the active partners, agents, servants, and employees of each of the named defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of the agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named defendants. Reference to defendant(s) includes the DOE defendants.

4. Plaintiff is informed and believe, and based thereon allege, that at all material times, the defendants were the agent and/or employee of each of the remaining DOE defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment.

## COMMON ALLEGATIONS

5. Plaintiff re-alleges each and every allegation contained in paragraphs 1-4, as if fully stated herein.

6. Plaintiff, Shannon Murphy at all relevant times to this incident was and is an employee of California County of Riverside-Department of Public Social Services, Children's Services Division since 1999, and as a Social Service Assistant she was assigned to transport a one year old Caucasian male dependent from Riverside, California to Berryville, Arkansas for a court ordered two week visit with his biological father.

7. On the return flight from Fort Worth, Texas to Ontario, California it was alleged that another passenger informed a flight attendant that Ms. Murphy was holding a kidnap victim in the person of a one year old white male child.

8. Throughout, the alleged missing child was from New York City. He was five years old, Hispanic with black hair. Much darker than the one year old blond hair very light skin Caucasian male dependent Ms. Murphy was holding.

9. The passenger's allegations were not collaborated, nor was any follow-up, fact checking the source of the information, or whether the information was current, or credible was done before approaching Ms. Murphy about the matter.

10. The one year old blond hair, very light skin Caucasian male dependent Ms. Murphy was holding appeared to be familiar and comfortable in the care and custody of Ms. Murphy.

11. Ms. Murphy is an African-American middle age women.

12. Defendant's employees explicitly demanded and implicitly threaten Plaintiff and the infant that if she did not come with her physical force would be used to make Plaintiff comply.

13. The one year old Caucasian male dependent was then physically taken from the arms of Plaintiff.

14. Notwithstanding, the fact that had the flight attendants listened to Plaintiff, checked her ID, the one year old Caucasian male dependent birth certificate, and Court Order she would not have had the child taken from her, or subjected to detention and separation from the child.

15. The Court Order described the circumstances as to why the one year old Caucasian male dependent was in the care and custody of Ms. Murphy.

16. Plaintiff, Ms. Murphy ID informs the world of her occupation and obligation to the one year old Caucasian male dependent in her care and custody.

17. Plaintiff, Ms. Murphy was also in possession of the one year old Caucasian male dependent birth certificate.

18. Plaintiff, Ms. Murphy and the one year old Caucasian male dependent were detained for approximately an hour.

19. Plaintiff, Ms. Murphy and the one year old Caucasian male dependent were subsequently allowed to re-board the plane after Defendant's employees, agents and/or security personnel(s) researched the matter.

20. Notwithstanding, had American Airline personnel researched the matter before confronting Plaintiff, Ms. Murphy and the one year old Caucasian male dependent this incident would not have occurred.

21. Had Defendant American Airline personnel simply looked at Ms. Murphy's ID, COURT ORDER, AND THE CHILD'S BIRTH CERTIFICATE this incident would not have occurred.

22. Defendant, American Airline held up the departure of the plane for approximately 45 minutes to an hour to research the matter. Had American Airline done this first prior to hauling Plaintiff, Ms. Murphy off the plane and detaining her and the one year old Caucasian male dependent Ms. Murphy would not have suffered the mental, physical and psychological harm flight personnel inflicted upon her.

23. Ms. Murphy is now under the care of psychologist.

24. At no time relevant to this complaint did Plaintiff do anything to Defendant, or its employees to warrant her being physically threaten to leave the plane.

25. At no time relevant to this complaint did Plaintiff do anything to Defendant, or its employees to warrant them physically taking the one year old blond hair very fair skin Caucasian male from her person.

26. Defendant, and its employees engaged in acts that Plaintiff was not free to refuse the request that she be detained and isolated from the ward in her charge.

27. Such acts were malicious, threatening and reckless to prevent Plaintiff, and her ward from leaving the area of confinement they were placed in.

28. Plaintiff and her court appointed ward were unlawfully and without probable cause detained for about an hour before they were allowed to leave their confinement.

29. The acts and actions of Defendant and its agents and security personnel were intentional, willful and maliciously done to injure and oppress Plaintiff and her court appointed ward, and caused physical and emotional injury to the person of Plaintiff. Such acts were malicious and oppressive under Civil Code, Section 3294, warranting imposition of punitive damages in an amount appropriate to punish.

## COUNT I

## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

30. Plaintiff re-alleges each and every allegation contained in paragraphs 1-29 as if fully

stated herein.

31. The conduct of defendant, its employees, agents and/or security personnel deprived Plaintiff of her rights under the United States Constitution and 49 U.S.C. §§ 40127(a), as prohibiting discrimination against air travelers. Plaintiff's rights not to be deprived of live, liberty or property without due process of law, and the right to equal protection under the law.

32. Defendant, its employees, agents and/or security personnel directly or indirectly engaged in aggressive conduct to deprive Plaintiff of her liberty, by unlawful detention and imprisonment.

33. The continuation of policies, procedures, customs, and practices by Defendant American Airlines by inaction, omissions, coverups and the persistent use of failed programs as a pretense of attempting to engage in meaningful training, supervision and monitoring only encourage their employees, agents and/or security personnel to believe that improper use of their authority against minorities is permissible, acceptable, tolerated, and will go unpunished.

## COUNT II

## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

## UNDER CALIFORNIA STATE LAW

34. Plaintiff re-alleges each and every allegation contained in paragraphs 1-33 as if fully stated herein.

35. The conduct of defendant, agents and/or security personnel deprived Plaintiff of his rights under California Constitution Article 1, Section 7, rights not to be deprived of live, liberty or property without due process of law, and the right to equal protection under the law under California Civil Code, Sections 51 et al, and 52.

36. Defendant, its employees, agents and/or security personnel directly or indirectly engaged in aggressive conduct to deprive Plaintiff of her liberty, by unlawful detention and imprisonment.

37. The continuation of policies, procedures, customs, and pracces by Defendant American Airlines by inaction, omissions, coverups and the persistent use of failed programs as a pretense of attempting to engage in meaningful training, supervision and monitoring only

- 5 -

Ex. A

6

encourage their employees, agents and/or security personnel to believe that improper use of their authority against minorities is permissible, acceptable, tolerated, and will go unpunished.

## COUNT III

## FALSE IMPRISONMENT

38. Plaintiff re-alleges each and every allegation contained in paragraphs 1-37 as if fully stated herein.

39. Defendant's employees, explicitly demanded and implicitly threaten Plaintiff and the infant that if she did not come with her physical force would be used to make Plaintiff comply.

40. The one year old Caucasian male dependent was then physically taken from the arms of Plaintiff.

41. Said acts and actions were done by Defendant and its employees, agents and/or security personnel without the consent of Plaintiff.

42. The acts and actions of Defendant, its employees, agent, and/or security personnel were done solely to imprison Plaintiff, and her ward.

43. The Defendant American Airlines as described above, has had other and similar prior incidents by their officers, agents, employees and security personnel such as those of DOE employees and/or security officer, yet Defendant intentionally failed to train, supervise, control, discipline or terminate those who engage in unreasonable and unnecessary aggressive and unlawful use of threat of physical force to detain its customers without probable cause.

44. The Defendant American Airlines as described above, their corporate and local managers, supervisors, and other officers knowingly, intentionally and recklessly hire and retain employees and security officers without the proper training in the use of force and detention, or provide refresher courses, training and teaching in the proper protocol for when customers should be threaten with the use of force if ever necessary.

45. The false arrest and detention of Plaintiffs without probable cause for an hour, and the pain, anxiety, emotional and mental stress and strain on Plaintiff was the direct results of the complicit policies and practices of Defendant American Airlines as described above, and indorsed by its corporate and local management, supervisors and other officers, who sanctioned,

- 6 -

Ex. A

7

1 authorized, and ratified such conduct that made its employees and/or security officer believe that their actions against Plaintiffs was company policy.

46. Further, that it was the common practice of the company, which allowed its management, supervisors, agents, employees and security personnel to detain individuals on mere suspicion. Notwithstanding, that such policy, custom and practice of unbridled oppression induced and caused their customers, especially Plaintiff to suffer the fear of physical violence, harassment, embarrassment, and loss of freedom in conscious disregard for their rights and safety.

47. The acts and actions of Defendant and its agents and security personnel were intentional, willful and maliciously done to injure and oppress Plaintiff and her court appointed ward, and caused physical and emotional injury to the person of Plaintiff. Such acts were malicious and oppressive under Civil Code, Section 3294, warranting imposition of punitive damages in an amount appropriate to punish.

## COUNT IV

## NEGLIGENCE

48. Plaintiff re-alleges each and every allegation contained in paragraphs 1-47 as if fully stated herein.

49. The acts, actions and omissions by Defendant and its employees and/or security personnel detention of Plaintiff and her court appointed ward was reckless, negligent, dangerous, and hazardous to Plaintiff, and the minor child.

50. The acts, and actions of Defendant and its employees and/or security personnel were not well thought out, and was the result of emotions and paranoia resulting in severe physical and emotion damage to Plaintiff.

51. Further, that it was the common practice of the company, which allowed its management, supervisors, agents, employees and security personnel to detain individuals on mere suspicion. Notwithstanding, that such policy, custom and practice of unbridled oppression induced and caused their customers, especially Plaintiff to suffer the fear of physical violence, harassment, embarrassment, and loss of freedom in conscious disregard for their rights and

safety.

52. As a result of Defendant's negligence Plaintiff was injured, suffering mental and emotional anguish, nightmares, and insomnia, which has caused Plaintiff to incur substantial medical and other expenses.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

For compensatory and general damages.

1. For special damages for past and future medical expenses.
2. For punitive and exemplary damages.
3. For costs of suit herein occurred, and
4.
5. For such other and further relief as the Court may deem proper.

Dated: 6-17-20

Kenneth C. Yeager, Esq.
Attorney for Plaintiff

- 8 -

Ex. A

9